STATE EX REL. ROBERSON, ATTY. GEN., v. COLUMBUS & G. R.
CO. ET AL.

SAME v. DELTA SOUTHERN RY.

[93 South. 362. Nos. 22674, 22735.]

1. APPEAL AND ERROR. *Attorney General may appeal decree in suit to collect and sell property of railroad; too late to question right of appeal after decision on merits.*

Where the Attorney General files suit in equity to collect and to sell property of a railroad company running through many counties and municipalities, making necessary allegations to show his right to bring suit and the jurisdiction of equity to maintain such suit, he may prosecute an appeal from such decree. It is too late to question his right so to do after a decision on the merits on the appeal.

2. MUNICIPAL CORPORATIONS. *Penalty of ten per cent. collectible, where suit or distress is resorted to in collecting taxes.*

Under section 3424, Code 1906 (Hemingway's Code, section 5983), it is made the duty of the tax collector of a municipality to collect municipal taxes during the time and in the manner and under the penalties as state and county taxes are collected, and pay the same into the municipal treasury. Under this statute, where taxes due a municipality are delinquent, and suit is brought in equity to enforce a lien and sell the property to satisfy the taxes due, the ten per cent. damages are collectible, and should be allowed, when prayed for in such suit. The ten per cent. damages is a penalty for delinquency, where suit or distress is resorted to for the purpose of collecting taxes.

On suggestion of error. Overruled. For former opinion, see 92 So. 233.

ETHRIDGE, J., delivered the opinion of the court.

The suggestion of error filed in this case suggests that we erred in our former opinion in two particulars: First, that the right of the attorney-general, in the name of the

state, to prosecute this suit for the recovery of ten per cent. damages for the tax collectors, was erroneously upheld in our decision; and, second, that the appellee is not liable for any damages, for the reason that this is not a proceeding embraced or contemplated by section 2197, Code of 1906, as amended by chapter 294, Laws of 1920.

The attorney-general filed his bill, setting forth the proper assessment of the taxes in favor of the state, the several counties, municipalities, and taxing districts through which appellee's line of railroad extends, and further setting up that the said taxes were delinquent and unpaid, and that more than thirty days had elapsed since the approval of the corrected assessment, and alleged that at the time of the filing of the original bill it had become necessary and proper, and still continues necessary and proper, that the payment of all of said taxes be enforced, and that it was the duty of the state of Mississippi to proceed by its attorney-general to collect all of said counties', municipalities', and taxing districts' taxes; that the defendant was operated as a common carrier railroad, carrying the United States mail, and freight and passengers, and it would be a serious injury and detriment to said state and its citizens to have the operation of said railroad as a common carrier discontinued or interrupted; that if suit was not filed it would be necessary for the numerous tax collectors of the counties, municipalities, and other taxing districts to proceed by seizure, distraint, and sale of the different parts of the property of the defendant for the purpose of collecting the tax, and that if such seizures were made, or separate suits filed, there would be conflicting interests between the state, the different counties, municipalities, and taxing districts mentioned, and the property seized was of such nature that it would not appeal to purchasers, except when used as a part of a going railroad; that the operations of the railroad as a common carrier of freight and passengers and as a carrier of the United States mails would be interrupted; that there would be a multiplicity of suits and proceedings, and such con-

flicting interests and liens as would cause said property to yield less than the whole amount of taxes due, and that by the means of one proceeding all taxes may be collected and realized, by means of the sale of all the property and rights of the defendant railroad company as a going or operating railroad system, and that the remedies at law are inadequate and insufficient to make it certain that all of the taxes would have been or would be collected and realized, except by a sale of the said railroad as a going concern; that it would be inequitable, by reason of the nature of the property and the conflicting liens thereon, for the said counties, municipalities, and other taxing districts to collect the taxes due them by means which would have or will prevent others of the same or other classes from enforcing the full amount of the taxes due, etc.; that it was the duty of the attorney general to proceed by this means to enforce the payment of all the taxes for the use of all the beneficiaries named, to the end that there may not be a multiplicity of suits or proceedings, and that a continued operation of the common carrier be not interrupted.

The bill set forth many averments, and set forth the amount of the assessments made against the defendant for the state, the several counties, municipalities, and taxing districts, and averred the nonpayment, and the right of such tax collectors and of the municipalities and taxing districts to the taxes, and that they were entitled to damages for failure to pay said taxes, amounting to the sum sued for; that it has become the duty of the complainant, in enforcing and collecting the taxes, to enforce and collect the damages thereon for the benefit of the counties, municipalities, and other taxing districts and officers as their respective interests may appear.

The answer of the defendant admitted all the facts and allegations set up in said bill, except that part which charges that there now exists in favor of said counties, municipalities, and municipal separate school districts, under the laws of the state of Mississippi, the sum of twelve

thousand four hundred seventy-six dollars and fifty-one cents, as damages, which they deny, and deny that the state of Mississippi, or any of the counties, municipalities, municipal school districts, or other taxing districts, have any right to claim or charge these defendants, or either of them, with ten per cent. damages for the amount due for taxes as therein charged in the original bill.

The brief of the appellee on a former hearing states: "The question, and the only question, now involved in this case, is the right on the part of the appellant to recover ten per centum damages for the nonpayment of taxes for the year 1920, inasmuch as all of the taxes for the year 1920 have been paid. This is now a proceeding merely to recover, if possible, the damages alleged to have accrued by reason of the bringing of this suit by the state of Mississippi, on the relation of the attorney-general."

So the right of the attorney-general to bring the suit was not contested, but the allegations of this bill with reference thereto were admitted. The bill proceeded upon the idea that the filing of one suit would prevent a multiplicity of suits, and would prevent the interruption of intra- and interstate commerce and carriage of the United States mails, and would cause the property to be sold and bring a better price, and to enforce a lien for that purpose.

The attorney-general having brought the suit, and his action in so doing being conceded to be proper, we think he had full right to have a final adjudication of all matters involved, and to appeal from any part of the judgment which he thought was erroneous or wrongful and prejudicial to the parties on whose behalf the suit was filed. We do not care to add anything to what we said in the former opinion with reference to the recovery of ten per cent. damages on behalf of said counties and tax collectors.

Our opinion as to the right of municipalities to recover the ten per cent. damages, or the right of the Attorney General to recover for the municipalities or municipal tax collectors the ten per cent. damages, is vigorously assailed,

and section 3424, Code of 1906 (Hemingway's Code, section 5983), is cited to show error in the opinion, a concluding clause of which section is quoted as follows: "And shall receive only such commissions or compensations as may be allowed by ordinance."

A careful reading of the entire section will, we think, demonstrate the soundness of the former opinion. The section in full reads as follows: "The tax collector shall collect municipal taxes during the time and in the same manner and under the same penalties as the state and county taxes are collected. He shall, where not otherwise provided, in all particulars be governed by the general revenue laws of the state, so far as applicable, in making such collections; but he shall make the reports thereby required to the mayor and board of aldermen, and shall pay over the money collected to the municipal treasurer, and shall receive only such commissions or compensations as may be allowed by ordinance."

It will be observed from the above section that the municipal taxes are to be collected in the same manner and under the same penalties as state and county taxes are collected. Under this section it is the duty of the municipal tax collector to proceed in the same manner as sheriffs or other tax collectors to collect the taxes, and to collect the same penalties for nonpayment that the sheriff is required to collect, and that he should pay the money over to the municipal treasurer and shall receive commissions, etc. Where a municipality has adopted ordinances making different compensation from that of sheriffs for similar services, that would not relieve the appellee of his duty to pay the ten per cent. which, if it did not go to the tax collector of the municipality, would go into the treasury of the municipality itself.

The amendment to section 2197, Code of 1906, made by the Laws of 1920, referred to in the former opinion, show that, whatever may be said as to the original section, it is now clearly a penalty, one-half of which goes into the

county treasury, and such penalty is imposed whenever the tax collector or proper officer takes the steps required by law to seize and sell property or files a suit for such purpose.

The suggestion of error will therefore be overruled.

*Overruled.*